IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRUCE ANDREW BROWN | ) | CASE NO.  1:10CV2496 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE PATRICIA A. GAUGHAN |
| v. | ) | |
| | ) | |
| SUPREME COURT OF OHIO, et al. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

Plaintiff *pro se* Bruce Andrew Brown filed this action under the Civil Rights Act of 1871,

42 U.S.C. § 1983, against the Supreme Court of Ohio and the Disciplinary Counsel of the Supreme

Court of Ohio. Also before the Court is Plaintiff's Motion to Proceed *In Forma Pauperis*. (ECF 2).

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365

(1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to

dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be

granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989);

*Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197

(6th Cir. 1996).  For the reasons stated below, this action is dismissed pursuant to section 1915(e).

The following facts were taken from the opinion of the Ohio Supreme Court in *Disciplinary*

*Counsel v. Brown*, 121 Ohio St.3d 423 (2009):

> In June 2006, relator, Disciplinary Counsel, charged respondent, Bruce Andrew
> Brown, also known as Amir Jamal Tauwab, Bruce Brown, Bruce A. Brown, and B.
> Andrew Brown, with six counts of unauthorized practice of law. The Board on the
> Unauthorized Practice of Law concluded that respondent had practiced law in
> violation of Ohio licensure requirements and recommends that we enjoin respondent
> from committing further illegal acts, that we impose a civil penalty of $50,000, and
> that we order respondent to show cause why he should not be held in contempt for

> violating the injunction we imposed against him in an earlier case in which we found that he had engaged in the unauthorized practice of law, *Disciplinary Counsel v. Brown,* 99 Ohio St.3d 114, 2003-Ohio-2568, 789 N.E.2d 210.
>
> Background
>
> Respondent was admitted to the practice of law in New York in 1985, but was disbarred in 1992. *In re Brown* (1992), 181 A.D.2d 314, 586 N.Y.S.2d 607. Respondent has never been admitted to the practice of law in Ohio.
>
> In 1992, the Board on the Unauthorized Practice of Law found that respondent had engaged in conduct in Ohio constituting the unauthorized practice of law. *Disciplinary Counsel v. Brown* (1992), 61 Ohio Misc.2d 792, 584 N.E.2d 1391. Respondent was later convicted of 44 felonies, including grand theft, forgery, uttering, and tampering with records, based on his conduct relating to his unauthorized practice of law. *State v. Brown* (1995), 108 Ohio App.3d 489, 671 N.E.2d 280.
>
> In 2000, relator filed a complaint with the board, again charging respondent with having engaged in the unauthorized practice of law. *Disciplinary Counsel v. Brown,* 99 Ohio St.3d 114, 2003-Ohio-2568, 789 N.E.2d 210. This court found that respondent had held himself out as a licensed attorney and enjoined him from engaging in further acts of the unauthorized practice of law. *Id.*
>
> In addition to the criminal convictions mentioned above, respondent has been convicted several times of felony crimes in Ohio. In 1991, respondent pleaded guilty in Cuyahoga County Common Pleas Court to passing bad checks and forging a power of attorney. In January 2003, respondent pleaded guilty in Cuyahoga County Common Pleas Court to a 21-count indictment: six counts of theft, six counts of false representation as an attorney, seven counts of passing bad checks, one count of forgery, and one count of uttering. In June 2003, respondent pleaded guilty to two counts of forgery in Portage County Common Pleas Court.
>
> In 2006, relator brought this action, charging that respondent had again engaged in the unauthorized practice of law. At the time of the filing of this action, respondent maintained a place of business known as B. Andrew Brown & Associates, L.L.C., in Cleveland and held himself out as B. Andrew Brown, Esq., on stationery with B. Andrew Brown & Associates on the letterhead.
>
> The board concluded that respondent had practiced law in violation of Ohio Defendants requirements and recommended that we enjoin respondent from committing further illegal acts. We agree that respondent engaged in the unauthorized practice of law and that an injunction, along with other penalties, is warranted.

*Id*. at 423-24. The court issued an injunction prohibiting Respondent (Plaintiff in the present

case) from performing acts constituting the practice of law, and an order prohibiting him from

using the terms "Esq.," " Esquire," "J.D.," or "Juris Doctor" in conjunction with his name or

business name. *Id.* at 431. Plaintiff now asserts that he has a First Amendment right to use

"J.D." or "Juris Doctor" with his name or business name. Further, he contends that Defendants

violated his right to equal protection by not prohibiting all other non-admitted law school

graduates from using those designations. The use of "J.D" or "Juris Doctor" allegedly does

not constitute the unauthorized practice of law.

In *Office of Disciplinary Counsel v. Brown*, 99 Ohio St.3d 114 (2003), the Ohio

Supreme Court found that Plaintiff engaged in the illegal practice of law four times. Each time

he fraudulently represented himself as a licensed attorney. Although the Court did not prohibit

him from using "J.D." or "Juris Doctor," he was enjoined from engaging in the unauthorized

practice of law. *Id.* at 116. In 2006, he was charged with six counts of unauthorized practice

of law. In prohibiting Plaintiff from practicing law the Ohio Supreme Court stated in

*Disciplinary Counsel v. Brown*:

> In 2003, when considering prior charges of unauthorized practice of law
> against respondent, this court declined to enjoin respondent from using "J.D."
> or "Esq." in connection with his name. *Disciplinary Counsel v. Brown,* 99
> Ohio St.3d 114, 2003-Ohio-2568, 789 N.E.2d 210, ¶ 12, fn. 1. However, we
> expressly admonished respondent that he risked punishment for contempt for
> continuing to engage in the unauthorized practice of law. *Id.* Clearly,
> respondent has not heeded this admonishment, nor has he heeded this court's
> injunction prohibiting him from engaging in the unauthorized practice of law.
> Respondent's use of the term "Esq." in connection with his name on his office
> stationery and business cards is misleading. His use of the term was one of the
> factors that induced a federal judge, a practicing lawyer, a school teacher, and
> a city prosecutor into believing that he was an attorney. As the board
> concluded, the record in this case included substantial credible evidence that
> respondent's use of the term "Esq." induced clients to believe that he was a
> lawyer, a misunderstanding that he was aware of and failed to correct.

*Id.* at 431. Despite two disciplinary cases involving ten incidents of the unauthorized practice

of law,  Plaintiff apparently intends to continue this illegal conduct. He has used the term to

induce others, including a federal judge and city prosecutor, that he was an attorney. In

addition, he was convicted of 44 felonies related to the unauthorized practice of law. Any

other purported legal use of these terms is inconsequential compared to his past conduct. The

Court concludes that Plaintiff has not been deprived of any constitutional rights. *See*

*Disciplinary Counsel v. Palmer*, 115 Ohio Misc.2d 70 (Ohio Bd.Unauth.Prac.,2001) ("J.D."

designation allowed where there was no evidence that anyone was misled into believing that

plaintiff was admitted to the practice of law in Ohio).

Accordingly, Plaintiff's Motions to Proceed *In Forma Pauperis* is granted. (ECF 2).

This action is dismissed.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an

appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Date:   12/2/10                                              /s/ Patricia A. Gaughan
                                                            JUDGE  PATRICIA  A.  GAUGHAN
                                                            UNITED STATES DISTRICT JUDGE