IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRUCE ANDREW BROWN | ) | CASE NO. 1:10CV2496 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE PATRICIA A. GAUGHAN |
| v. | ) | |
| | ) | |
| THE SUPREME COURT OF OHIO, et al. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

This matter is before the Court upon Plaintiff Bruce Andrew Brown's Motion for Reconsideration of the Court's December 7, 2010 dismissal of his Complaint, or in the alternative, for Issuance of a Certificate of Appealability. (ECF 7).

The Federal Rules of Civil Procedure do not provide for a Motion for Reconsideration. The Sixth Circuit, however, has held that a motion to vacate and reconsider may be treated under Federal Rule of Civil Procedure 59(e) as a motion to alter or amend a judgment. *Rodriguez v. City of Cleveland,* No. 1:08-CV-1892, 2009 WL 1565956 at * 1 (N.D. Ohio, Jun 6, 2009) (citing *Smith v. Hudson,* 600 F.2d 60, 62 (6th Cir.1979)). The motion is disfavored and is seldom granted because it contradicts notions of finality and repose. *Id. See Wells Fargo Bank v. Daniels,* No. 1:05-CV-2573, 2007 WL 3104760, at * 1 (N.D.Ohio, Oct.22, 2007); *Plaskon Elec. Materials, Inc. v. Allied-Sigal, Inc.,* 904 F.Supp. 644, 669 (N.D.Ohio, 1995). A court may grant a motion to amend or alter judgment if there is a clear error of law or newly discovered evidence exists, an intervening change in controlling law occurs, or to prevent manifest injustice. *See Gencorp, Inc. v. Am. Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir.1999). "It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal

theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.' " *McConocha v. Blue Cross & Blue Shield Mut. of Ohio,* 930 F.Supp. 1182, 1184 (N.D. Ohio, 1996) (quoting *In re August 1993 Regular Grand Jury,* 854 F.Supp. 1403, 1408 (S.D.Ind., 1994)).

Plaintiff asserted in his Complaint that he has a First Amendment right to use "J.D." or "Juris Doctor" with his name or business name. Further, he contends that Defendants violated his right to equal protection by not prohibiting all other non-admitted law school graduates from using those designations. The use of "J.D" or "Juris Doctor" allegedly does not constitute the unauthorized practice of law. The Court stated:

> Despite two disciplinary cases involving ten incidents of the unauthorized practice of law, Plaintiff apparently intends to continue this illegal conduct. He has used the term to induce others, including a federal judge and city prosecutor, to believe that he was an attorney. In addition, he was convicted of 44 felonies related to the unauthorized practice of law. Any other purported legal use of these terms is inconsequential compared to his past conduct. The Court concludes that Plaintiff has not been deprived of any constitutional rights.

Memorandum of Opinion, pgs. 3,4.

The Court finds that there are no grounds to support a reconsideration of the Court's Opinion and Order of December 7, 2010. Plaintiff now argues that this Court incorrectly stated in its Opinion that he used the term "Juris Doctor" or "J.D." to induce others to believe he was an attorney. However, the Ohio Disciplinary Counsel expressly considered the effect of his use of the term "Esq." In prohibiting Plaintiff from practicing law the Ohio Supreme Court stated in *Disciplinary Counsel v. Brown*, 121 Ohio St.3d 423, 431 (2009):

> Respondent's use of the term "Esq." in connection with his name on his office stationery and business cards is misleading. His use of the

>term was one of the factors that induced a federal judge, a practicing lawyer, a school teacher, and a city prosecutor into believing that he was an attorney. As the board concluded, the record in this case included substantial credible evidence that respondent's use of the term "Esq." induced clients to believe that he was a lawyer, a misunderstanding that he was aware of and failed to correct.

Although "Esq." was discussed, the same reasoning should be applied to the use of the terms "Juris Doctor" or "J.D."

Accordingly, Plaintiff's Motion for Reconsideration of the Court's December 7, 2010 dismissal of his Complaint, or in the alternative, for Issuance of a Certificate of Appealability is denied.

IT IS SO ORDERED.

Dated: 1/13/11 /s/ Patricia A. Gaughan
JUDGE PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE